# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**EJRO and RJRO,**

        Petitioners,

v.                                                                               Case No. SA-20-CV-1157-JKP

**JO ANN MCLANE, et al.,**

        Respondents.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a *Petition for Writ of Mandamus* (ECF No. 1), a *Motion for an Ex Parte Temporary Restraining Order* (ECF No. 2), and an *Advisory to the Court Regarding Removal* (ECF No. 5). Yesterday, the Court conducted a hearing on the motion and took argument from both sides. The Court, having fully considered the petition, the motion for temporary restraining order, the argument at the hearing, and all matters of record, hereby **FINDS** that it lacks jurisdiction over this case and lacks jurisdiction to issue the requested temporary restraining order. Accordingly, it **DENIES** the motion and **DISMISSES** this action for lack of jurisdiction.

Petitioners, EJRO and RJRO, are "two unaccompanied noncitizen children from Honduras who the Department of Homeland Security is seeking to remove." Pet. Writ Mandamus ¶ 1. Through the mandamus petition, they seek to compel "Respondents to fulfil their obligation to place" them "in '240 proceedings' (8 U.S.C. 1229a) as required by 8 U.S.C. § 1232(a)(5)(D)(i)." *See id.* They premise jurisdiction on mandamus (28 U.S.C. § 1361) and federal question (28 U.S.C. § 1331), because they "are detained based on their status as unaccompanied minors and due to their prior order of removal under color of authority of the United States, and because this manner of removal is in violation of the United States Constitution, laws or treaties of the United States, and customary international law." *Id.* ¶ 4.

At the hearing, Respondents argued that certain jurisdictional-stripping provisions remove jurisdiction to both stay removal of the children and to bar any collateral attack to the removal order. They explained that the children were ordered removed earlier this year, but the order was never executed because the children were in a holding center in Mexico, rather than being detained within the United States. Petitioners disagreed that the removal order was unexecuted and that this Court lacks jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). And Fed. R. Civ. P. 12(h)(3) mandates dismissal of this action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."

Pursuant to the REAL ID Act of 2005, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C. § 1252(a)(5); *accord Rosales v. Bureau of Imm. & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005) (recognizing that the REAL ID Act amended the jurisdictional provisions of the Immigration and Nationality Act ("INA")). That Act also modified § 1252(b)(9), which now reads:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Similarly, that same Act includes the following "Exclusive jurisdiction" provision:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

Respondents essentially rely on arguments and analysis set out in *A.M.P.V. ex rel. Aguayo v. Barr*, No. 20-CV-913 (RDM), 2020 WL 2079433, at *5-6 (D.D.C. Apr. 30, 2020). Based upon that reliance, Respondents make two main contentions: (1) to the extent Petitioners do not challenge the earlier removal order their challenge is to the execution of such order and thus barred by § 1252(g) and (2) to the extent Petitioners do challenge the earlier removal order, such "challenge is properly brought in the Fifth Circuit pursuant to 8 U.S.C. § 1252(b)(9) and (a)(5)." *See id*. at *5.

This Court agrees that, based upon the cited jurisdictional-stripping provisions, it does not have jurisdiction under either 28 U.S.C. §§ 1331 or 1361 to judicially review the final decision to remove Petitioners. Such review is only available in the appropriate court of appeals. Furthermore, it finds *A.M.P.V.* both persuasive and factually indistinguishable in any material sense from the facts here. Accordingly, based upon the rationale in that case, it finds that Petitioners effectively challenge the execution of the existing, unexecuted final order of removal and that § 1252(g) strips this Court of jurisdiction to hear such challenge.

In addition, when the district court lacks subject matter jurisdiction, the party moving for temporary restraining order or preliminary injunction cannot show a substantial likelihood of success on the merits and the court properly denies a motion for temporary restraining order or for preliminary injunction. *Singh v. Wolf*, No. 20-CV-0539, 2020 WL 3424850, at *2 (W.D. La. May 13, 2020) (recommendation of Mag. J.) *accepted by* 2020 WL 3421932 (W.D. La. June 22, 2020).

Moreover, because the request to stay removal in this case arises from a decision to execute a removal order, the Court lacks jurisdiction to stay Petitioners' removal. *See Hidalgo-Mejia v. Pitts*, 343 F. Supp. 3d 667, 673 (W.D. Tex. 2018).

For the foregoing reasons, the Court **FINDS** that it lacks jurisdiction over this case and lacks jurisdiction to issue the requested temporary restraining order. Accordingly, it **DENIES** the *Motion for an Ex Parte Temporary Restraining Order* (ECF No. 2) and, pursuant to Fed. R. Civ. P. 12(h)(3), **DISMISSES** the *Petition for Writ of Mandamus* (ECF No. 1) for lack of jurisdiction.

**SIGNED this 2nd day of October 2020.**

*[signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**